IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSCAR CORONA, VICTOR CORONA, AND MIGUEL CORONA, on behalf of themselves, and all other similarly situated plaintiffs known and unknown,<br><br>Plaintiffs<br><br>v.<br><br>DAMGAARD LANDSCAPE MANAGEMENT A/K/A OTTO DAMGAARD SONS, INC.,<br><br>Defendant | No. 16 cv 0819<br><br>Honorable Judge Jorge L. Alonso<br><br>*JURY DEMAND* |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
AND DISMISSING CLAIMS WITH PREJUDICE**

This cause comes before the Court upon Plaintiffs' Agreed Motion for Final Approval of the Parties' Stipulation and Agreement to Settle Class Action Claims. The Court has reviewed the Settlement Agreement and the exhibits attached thereto and finds that the proposed settlement is within the range of fair, reasonable, and adequate resolution of the issues in this proceeding and, therefore,

**IT IS ORDERED** that:

1. The following class is certified for settlement purposes: "All landscape maintenance employees, excluding crew leaders, of Damgaard Landscape Management a/k/a Otto Damgaard Sons Inc., between January 2007 and November 3, 2016 who had a deduction taken from their wages for uniforms."

2. The Court finds that American Legal Claims Services, LLC, the appointed Administrator, has met all requirements the Court set forth in its Preliminary Approval Order.

1

3. The Court finds that the direct-mail notice program used in this case, along with the additional notice measures performed in this matter, satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

4. The Court acknowledges that notice of settlement was made pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

6. The Court hereby dismisses this case without prejudice to be converted to with prejudice after all administrative processes have been completed and the administrator has closed its file. All Settlement Class members herein release and discharge Defendant and the other Released Persons identified in the Joint Stipulation and Agreement to Settle Class Action Claims from any and all Illinois Wage Payment and Collection Act claims for unauthorized deductions arising out of the Class Members' employment during the time period from January 2007 through November 3, 2016. In addition, all individual claims of the named Plaintiffs are likewise dismissed with prejudice.

7. The Court directs payment to the Named Plaintiffs as follows: $250.00 to Miguel Corona, $1,250.00 to Victor Corona, and $1,000.00 to Oscar Corona, as incentive awards for their participation as class representatives in this case. This payment shall occur within twenty-eight (28) days after the Settlement Effective Date as described in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion.

8. Additionally, the Court directs payment to the Named Plaintiffs as follows: $2,000.00 to Oscar Corona, $250.00 to Miguel Corona, and $2,250.00 to Victor Corona as additional settlement payments in exchange for their release of all claims which could have been

or were asserted in this Action. This payment shall occur within twenty-eight (28) days after the Settlement Effective Date as described in the Stipulation attached as Exhibit 1 to the Final Approval Motion.

9. The Court directs payment to Class Counsel a total sum of $12,507.00 as and for attorneys' fees and costs incurred in the prosecution of the individual and class claims herein. This payment shall occur within twenty-eight (28) days after the Settlement Effective Date as described in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion.

10. With respect to unclaimed funds pertaining to this settlement ('the Remainder Fund"), the Court orders the following distribution of the remainder funds within twenty-eight (28) days after the later to occur of (1) the Settlement Effective Date or (2) cancellation of any unclaimed checks as provided in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion:

    a. Unclaimed funds in the Remainder Fund will be used first to reimburse Defendant for administration costs paid to the Settlement Administrator.

    b. Any balance remaining in the Remainder Fund thereafter shall be distributed to the *cy pres* recipient Mano a Mano Family Resource Center in Round Lake Park, Illinois.

11. The Court directs the Defendant to issue checks to Settlement Class Members, as provided in the Settlement Agreement, to all Class Members who returned valid and timely

claim forms within twenty-eight (28) days after the Settlement Effective Date as described in the Joint Stipulation and Agreement to Settle Class Action Claims attached as Exhibit 1 to the Final Approval Motion.

ENTERED:

3/30/17

Jorge L. Alonso
United States District Judge